**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-7887

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY B. KENNEY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, District Judge.  (CR-99-233)

_____

Submitted:  February 24, 2005        Decided:  March 9, 2005

_____

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Jeffrey B. Kenney, Appellant Pro Se.  Philip S. Jackson, Assistant United States Attorney, Lynne Ann Battaglia, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeffrey B. Kenney, a federal prisoner, seeks to appeal the district court's order denying relief on his motion filed pursuant to Fed. R. Civ. P. 60(b), which the district court construed as a successive motion under 28 U.S.C. § 2255 (2000), and dismissed for lack of jurisdiction. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); see Jones v. Braxton, 392 F.3d 683, 688 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court also are debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Kenney has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Kenney's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d

200, 208 (4th Cir.), <u>cert. denied</u>, 540 U.S. 995 (2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Kenney's claims do not satisfy either of these conditions. Therefore, we decline to authorize Kenney to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>